IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 315-007 |
| | ) | |
| ANTONIO RAMIREZ-CATALAN | ) | |

# O R D E R

Before the Court are the various pre-trial discovery motions filed by Defendant. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief within seven days from the date of this Order.

## GENERAL DISCOVERY MOTION

As to Defendant's general discovery requests, Defendant does not allege any specific inadequacies in the discovery provided by the government to date, presumably because of the government's statement that it has followed in this case its customary practice of providing liberal discovery by furnishing Defendant with the evidentiary contents of the government's case file, excepting attorney and agent work product, but including investigative reports of federal, state, and local agencies containing information pertinent to proof of the

government's case-in-chief, as well as statements or summaries of interviews with persons who will not be called as witnesses. (Doc. no. 37, pp. 3, 6.) Accordingly, the Court finds that the position of the United States Attorney in permitting liberal disclosure of the government's file pertaining to this case renders the general discovery requests **MOOT**. (Doc. no. 14.)

## MOTION FOR ACCESS TO PROSPECTIVE GOVERNMENT WITNESSES

Defendant seeks access to prospective government witnesses for the purpose of interviewing such witnesses within a reasonable time prior to trial. (Doc. no. 15.) Although the government is not required to make its witnesses available, neither may it interfere with defense counsel's right to interview prospective witnesses. United States v. Manor, 936 F.2d 1238, 1242 (11th Cir. 1991); United States v. Pepe, 747 F.2d 632, 654 (11th Cir. 1984). However, a government witness may refuse to be interviewed by defense counsel. United States v. Bennett, 928 F.2d 1548, 1553-54 (11th Cir. 1991) (citing United States v. Brown, 555 F.2d 407, 425 (5th Cir. 1977) and United States v. Benson, 495 F.2d 475, 479 (5th Cir. 1974)). Recognizing that the government does not "control" its witnesses and does not oppose defense counsel's contact with witnesses, the Court **GRANTS** the motion to interview as to any witness who chooses to speak with defense counsel prior to trial.

## MOTION FOR LIST OF GOVERNMENT WITNESSES

Defendant requests an order directing the government to furnish a complete list of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987);

United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than fourteen days prior to trial. Therefore, the Court **DENIES** this motion. (Doc. no. 16.) However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963).

## MOTION FOR A BILL OF PARTICULARS

Defendant is charged with two counts of Possessing Contraband in Prison, in violation of 18 U.S.C. § 1791(a)(2). Defendant filed this motion seeking from the government information concerning the exact time and date the alleged crimes as set forth in the indictment occurred; the specific nature of the acts Defendant is alleged to have performed in furtherance of the allegations in the indictment; the acts of any other co-defendant performed in furtherance of any conspiracy alleged in the indictment; and, the names of any persons to whom Defendant may have made statements in reference to the crimes alleged in the indictment. (Doc. no. 17, p. 1.)

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a defendant may seek from the Court a bill of particulars setting forth the time, place, manner, and means of commission of the crime alleged in the indictment. The purpose of the bill of particulars is to give notice of the offenses charged in the indictment so that a defendant may prepare a

3

defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes. United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)). Where necessary, the bill of particulars supplements the indictment by providing the accused with information necessary for trial preparation. Id. Generalized discovery is not a proper purpose in seeking a bill of particulars. United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985) (quoting United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981)). Nor is it a device intended to secure for the defense the government's explanation of its theory of the case. United States v. Hajecate, 683 F.2d 894, 898 (5th Cir. 1982). Absent a showing that a defendant cannot prepare a defense without the government providing the identity or identities of an unindicted co-conspirator(s), such information need not be revealed in response to a motion for a bill of particulars. Warren, 772 F.2d at 837.

The determination of whether a bill of particulars should be ordered may only be decided in light of the particular circumstances of each case. United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1987). The question is committed to the sound discretion of the trial court, whose decision will be reversed only where denial of the motion results in surprise to a defendant at trial resulting in prejudice to his substantial rights. United States v. Hawkins, 661 F.2d 436, 451-52 (5th Cir. Unit B Nov. 1981). The indictment in the case is specific and supports each of the requisite elements of the charged offenses. In addition, the government has provided liberal discovery consisting of the evidentiary contents of the government's case file, excepting attorney and agent work product, but including investigative reports of

4

federal, state, and local agencies containing information pertinent to proof of the government's case-in-chief, as well as statements or summaries of interviews with persons who will not be called as witnesses. (Doc. no. 37, pp. 3, 6.) Because the government appears to have provided all information essential for trial preparation by the defense, the Court **DENIES** Defendant's motion. (Doc. no. 17.)

## **MOTION FOR PRE-TRIAL JAMES HEARING**

Defendant moves for a pre-trial hearing to determine the admissibility of out-of-court statements by alleged co-conspirators. To lay the proper foundation for admission of a co-conspirator statement pursuant to Federal Rule of Evidence 801(d)(2)(E) and under the standard enunciated in United States v. James, 590 F.2d 575, 582 (5th Cir. 1978) (*en banc*), "the government must establish by a preponderance of the evidence: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy." United States v. Harrison, 246 F. App'x 640, 651 (11th Cir. 2007). However, as the trial court may consider both co-conspirator statements and independent external evidence in making a determination on admissibility, a pre-trial determination under James is not required. United States v. Magluta, 418 F.3d 1166, 1177-78 (11th Cir. 2005); United States v. Van Hemelryck, 945 F.2d 1493, 1497-98 (11th Cir. 1991). Thus, the required finding need not be made pre-trial and can be made at the close of the government's case in chief. United States v. Johnson, No. 2:12cr84-MHT, 2012 WL 5392267, at *2 (M.D. Ala. Nov. 5, 2012) (citing United States v. Sanchez, 722 F.2d 1501, 1507 (11th Cir. 1984)). Indeed, the Supreme Court

has ruled that a trial court may examine hearsay statements prior to admission when making a preliminary factual determination under Rule 801(d)(2)(E) and further explained, "the judge should receive the evidence and give it such weight as his judgment and experience counsel." Bourjaily v. United States, 483 U.S. 171, 181 (1987) (citation omitted).

As the need for a James hearing is lessened in light of Bourjaily, and in the interest of judicial economy, this determination will be made at trial, if necessary.[1] Therefore, the Court **DENIES** the motion for a pre-trial James hearing. (Doc. no. 19.)

### MOTION FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant seeks the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). (Doc. no. 20.) To some extent, Defendant's requests exceed the scope of the requirement in Brady for government disclosure of information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). The Court **GRANTS** the motion to the extent that the government must provide all Brady material to Defendant within five days of the date it is received or its existence becomes known. The government must disclose impeaching information not less than fourteen days prior to trial.

---

[1]The government states that it does not intend to offer any co-conspirator statements at trial. (Doc. no. 37, p. 4.)

## MOTION TO COMPEL DISCLOSURE OF PROMISES OF IMMUNITY

Defendant moves to compel disclosure by the government of any promises for immunity, leniency or preferential treatment made to any prosecution witness, informant or cooperating defendant, including copies of applicable indictments and plea agreements. The government states it does not have an informant or cooperating defendant in this matter. (Doc. no. 37, p. 6.) Furthermore, the government has agreed to provide, (id. at 5), criminal histories or administrative records of witnesses it expects to call at trial, and considerations extended to them will be set forth in a notice filed pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). Accordingly, this motion is **MOOT**. (Doc. no. 22.)

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). Yet because the government does not oppose the motion and early disclosure of Jencks Act material will avoid unnecessary delay and inconvenience to the Court and jury, the government is **INSTRUCTED** to provide Jencks Act material fourteen days prior to trial. (Doc. no. 23.)

## **MOTION TO ALLOW PARTICIPATION IN VOIR DIRE**

The Court **GRANTS** this motion. (Doc. no. 24.) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven days prior to trial, a list of questions which they desire to ask prospective jurors.

## **MOTION TO PROVIDE TRANSCRIPTS OF GRAND JURY PROCEEDINGS**

Defendant moves to disclose grand jury proceedings, including a transcript thereof. "A defendant must show 'particularized need' to justify infringement of the secrecy surrounding a grand jury. . . . Unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard." United States v. Cole, 755 F.2d 748, 758-59 (11th Cir. 1985); United States v. Tucker, 526 F.2d 279, 282 (5th Cir. 1976); see also United States v. Aisenberg, 358 F.3d 1327, 1348-49 (11th Cir. 2004) (recognizing requirement for showing of "particularized need" to obtain disclosure of protected grand jury materials; United Kingdom v. United States, 238 F.3d 1312, 1321-22 (11th Cir. 2001) (same). Because Defendant has not attempted to show a particularized need for these records, the motion is due to be denied. However, because of the government's statement that it has already turned over the grand jury transcripts, (doc. no. 37, p. 8), Defendant's motion is **MOOT**. (Doc. no. 26.)

### **MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

Defendant seeks notice of the government's intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). This motion is **MOOT** (doc. no. 27) because the Court, in its Arraignment Order, directed the government to provide such notice in accordance with the Local Rules.

### **PRELIMINARY MOTION TO SUPPRESS/REQUEST FOR *JACKSON v. DENNO* HEARING**

Defendant apparently filed this motion to preserve the right to particularize his request for suppression of statements at a later date. (Doc. no. 28.) However, a motion may not be filed outside the deadlines set at arraignment except by leave of court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); see Fed. R. Crim. P. 12(c). Because the motion was filed without the supporting affidavit or evidentiary citations required by Local Criminal Rule 12.1, the Court issued an order on September 14, 2015 instructing Defendant that if he intended to particularize his motion in accordance with Local Criminal Rule 12.1, he must do so by September 24, 2015. (See doc. no. 35.) Defendant failed to file a particularized motion, and this motion is a **NULLITY**. Should Defendant desire to file a particularized motion in the future, he must adequately explain his failure to timely file the same.

### **DEMAND FOR JURY TRIAL**

The Court **GRANTS** this motion. (Doc. no. 29.)

### MOTION TO DETERMINE EXISTENCE OF CONFIDENTIAL INFORMANT OR SOURCE

Defendant seeks disclosure of confidential informants. As the government states it does not have an informant or cooperating defendant in this matter, (doc. no. 37, p. 6), this motion is **MOOT**. (Doc. no. 32.)

SO ORDERED this 30th day of September, 2015, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA